UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN AVLESSI,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Respondent.

Case No. C11-2000-RSM-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner John Avlessi is a native and citizen of Benin, who is currently held in immigration custody at the Northwest Detention Center in Tacoma, Washington. On December 12, 2011, petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention without bond, and seeking either supervised release or a bond hearing. Dkt. No. 1. On February 17, 2012, petitioner was provided a bond hearing pursuant to *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008), and *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). At the hearing, the immigration judge denied bond. Dkt. No. 13, Ex. 1. Respondent argues that because petitioner was afforded a bond hearing before an immigration judge, he has received all of the benefits of due process he is entitled, and his petition has become moot and should be dismissed. Dkt. Nos. 13 and 15.

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Benin who was admitted to the United States in 1999 as a non-immigrant student to attend El Camino College in Torrance, California. Administrative Record ("AR") at L8, L21-22, L118-19. Petitioner was arrested on June 5, 2003, after an investigation revealed that he had never attended college in violation of the terms of his student visa. AR at L8.

Petitioner was served with a Notice to Appear, charging him with removability for falsely claiming to be a United States citizen, and for failing to comply with the conditions of his non-immigrant status. AR at L8. Petitioner was released under $10,000 bond, pending removal proceedings. R290-98. During his release, petitioner was convicted of Infliction of Corporal Injury on Spouse/Cohabitant, and Force Assault with a Deadly weapon – Not a Firearm: Great Bodily Injury Likely, and was sentenced to 79 days incarceration. AR at L197.

On June 28, 2005, an Immigration Judge ("IJ") denied petitioner's applications for adjustment of status, asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure, and ordered him removed from the United States to Benin. R247-48, L316-30. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision and dismissed the appeal on January 30, 2007. AR at R249.

On June 30, 2010, the United States Immigration and Customs Enforcement ("ICE") encountered petitioner at the Federal Correctional Institution in Sheridan, Oregon, where he was serving a 46-month criminal sentence for Conspiracy to Commit Bank Fraud in the Northern

1 District of Georgia. AR at R128-41. On August 19, 2011, petitioner was transferred to ICE
2 custody upon his release from the FCI Sheridan for removal to Benin. AR at R212-15.

3     On September 7, 2011, ICE submitted a travel document request to the Embassy of the
4 Republic of Benin in Washington, D.C. Dkt. No. 8, Ex. A. Thereafter, ICE made repeated
5 telephone calls to the Benin Embassy to determine the status of the travel document request. *Id*.
6 On November 16, 2011, an embassy official informed ICE that petitioner would need to submit a
7 consular identification card in order to obtain a travel document. If petitioner did not have a
8 consular identification card, he would need to apply for one. The embassy official indicated that
9 it would issue a travel document upon receipt of the consular card application and payment. *Id*.
10 On November 30, 2011, ICE submitted a consular card application and money order to the
11 Embassy of Benin, which was confirmed as received. *Id*. Based on the record and assurances
12 made by embassy officials, ICE is confident there are no barriers that would prevent petitioner's
13 removal to Benin. *Id*. Petitioner's travel document request remains pending.

14     On December 2, 2011, petitioner filed the present habeas petition, challenging his
15 continued detention. Dkt. No. 1. Respondent filed a return to the petition on January 6, 2012,
16 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231. Dkt. No. 8. On January
17 30, 2012, petitioner filed a petition for review with the Ninth Circuit Court of Appeals, which
18 remains pending and a temporary stay of removal is in place. *Avlessi v. Holder*, No. 12-70303
19 (9th Cir. filed Jan. 30, 2012). As a result, the statutory authority for petitioner's detention shifted
20 from 8 U.S.C. § 1231 to 8 U.S.C. § 1226(a). *Casas-Castrillon v.*, 535 F.3d at 942; *Prieto-*
21 *Romero*, 534 F.3d at 1053. Under *Casas-Castrillon* and *Prieto-Romero*, an alien detained under
22 8 U.S.C. § 1226(a) pending an appellate stay is entitled to an individualized bond hearing before
23 a neutral adjudicator. *Id*. On February 3, 2012, respondent filed a reply, indicating that a bond
24

hearing was expected. Dkt No. 11. Accordingly, the Court ordered respondent to furnish the Court with a copy of petitioner's bond proceedings. Dkt. No. 12.

The bond hearing was conducted on February 17, 2012, and on March 12, 2012, the IJ issued a written decision finding that the government had met its burden to prove by clear and convincing evidence that continued detention was justified. Dkt. No. 15, Ex. 2. Specifically, the IJ determined that petitioner presents a danger to the community based on his convictions for Infliction of Corporal Injury on Spouse/Cohabitant, and Force Assault with a Deadly Weapon, Not a Firearm: Great Bodily Injury Likely, and his serious criminal history. *Id*. at 5-6. In addition, the IJ found that although petitioner has lived in the United States and has substantial family ties, he has limited available relief and, therefore, poses a flight risk. *Id*. at 6.

Respondent argues that the bond hearing satisfies the requirements of due process, and renders petitioner's habeas petition moot. Dkt. No. 13. Respondent's motion to dismiss is now ripe for review.

### III. DISCUSSION

Title 28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citations omitted). "Even where detention is permissible, however, due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon*, 535 F.3d at 950 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).

When an alien's removal has been stayed pending judicial review of the order of removal, the alien is detained pursuant to the Attorney General's discretionary authority under 8 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero*, 534 F.3d at 1065-66. Procedural due process requires that such aliens be afforded an individualized bond hearing before an immigration judge, at which the government bears the burden to prove by clear and convincing evidence that the alien is a flight risk or a danger to the community to justify denial of bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

In the present case, all of these requirements were met. As the IJ indicated in her memorandum decision, "[i]t is the government's burden to prove by clear and convincing evidence that continued detention is justified." Dkt. 15, Ex 2 at 5. The IJ found that the government had met its burden by clear and convincing evidence that petitioner was both a danger to the community and a flight risk. *Id*. at 5-6. Because petitioner's bond hearing provided petitioner with the sole remedy to which he was entitled, his petition must be denied as moot. *See Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero*, 534 F.3d at 1067.

Petitioner challenges the basis of the immigration judge's bond decision and disputes her finding that he is a flight risk. Dkt. No. 14. Section 1226(e), however, does not permit the Court to review the IJ's discretionary judgment regarding whether to deny bond or parole. *Prieto-Romero*, 534 F.3d at 1067. That provision provides: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, the Court lacks jurisdiction to reach the merits of petitioner's claim.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 1st day of May 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge